**EXHIBIT 1**

Case 3:17-cv-05046-MAS-DEA   Document 1-1   Filed 07/10/17   Page 1 of 5 PageID: 4

David P. Silber, Esq.
Attorney ID: 013202010
GAYLORD POPP, L.L.C.
850 Bear Tavern Road, Suite 308
Trenton, New Jersey 08628
(609) 771-8611
Attorneys for Plaintiff, Jeffrey Cirz and Jessica Gilham

RECEIVED & FILED
MAY 30 2017
SUPERIOR CT., OCEAN

| JEFFREY CIRZ and JESSICA GILHAM, Plaintiff(s), vs. STATE FARM INSURANCE COMPANY, Defendant(s). | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY/LAW DIVISION DOCKET NO. OCN-L-1528-17 *CIVIL ACTION* COMPLAINT AND JURY DEMAND |
|---|---|

Plaintiffs, Jeffrey Cirz and Jessica Gilham, residing at 111 Rivercrest, Drive, in the Township of Toms River, in the County of Ocean, and in the State of New Jersey 08753, by way of complaint against defendant(s), say:

## COUNT I
## BREACH OF CONTRACT

1. In or about April 13 of 2017, plaintiffs asserted coverage for water damage expenses from their insurance policy for coverage with State Farm Insurance Company with regard to their homeowner's insurance under policy number 30-EQ-6401-8 and claim number 30-1314-4T8 for the property located at 111 Rivercrest Drive, in the Township of Toms River, in the County of Ocean, and in the State of New Jersey 08753.

2. On April 13, 2017, plaintiff experienced water damage to the property located at 111 Rivercrest Drive, in the Township of Toms River, in the County of Ocean, and in the State of New Jersey 08753, as a result of a sudden and accidental water leak within the residential property.

3.  Based on Section 1 – Losses Insured, Coverage A – Dwelling of Plaintiffs' Homeowner's Insurance Policy with State Farm Insurance Company, plaintiffs are covered:

> "12. Sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance."

This agreement was entered into under the assumption that the insurance company intended to pay the insurance claim made by plaintiffs.

4.  Plaintiffs, on April 21, 2017, received a formal denial letter from defendant, in which defendant denied plaintiffs' claim based strictly that the water damage was caused from a leak from a drain line located in the kitchen wall behind the kitchen sink.

WHEREFORE, plaintiffs, Jeffrey Cirz and Jessica Gilham, demand judgment in their favor and against defendant, State Farm Insurance Company, for breach of contract along with all incidental damages, compensatory damages, consequential damages, punitive damages, attorneys' fees and costs incurred in the matter.

## *COUNT II*
## *UNFAIR CLAIMS SETTLEMENT PRACTICES*

5.  Plaintiffs, Jeffrey Cirz and Jessica Gilham, repeat and reallege the allegations contained in paragraphs 1 through 6 as if fully set forth herein at length

6.  The defendant, State Farm Insurance Company, has engaged in unfair and deceptive claims settlement practices and has failed to promote the fair and equitable treatment of the plaintiff concerning the settlement of their insurance claim, in violation of the Unfair Claims Settlement Practices Act, N.J.A.C. 11:2-17.1 et seq.

7. As a direct and proximate result of the defendant's actions and inactions, the plaintiffs have been damaged.

WHEREFORE, plaintiffs, Jeffrey Cirz and Jessica Gilham, demand judgment in their favor and against defendant, State Farm Insurance Company, for compensatory damages, punitive damages, attorneys' fees, interest, costs and such other relief as this court deems equitable and just under the circumstances.

### *COUNT III*
### *BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING*

8. Plaintiffs, Jeffrey Cirz and Jessica Gilham, repeat and reallege the allegations contained in paragraphs 1 through 7 as if fully set forth herein at length.

9. The defendant, State Farm Insurance Company, is held to an implied covenant of good faith and fair dealing concerning its duties and obligations under the terms of its insurance policy with the plaintiffs.

10. Defendant breached this covenant by its actions: (a) in failing to attempt to effectuate a prompt, fair, and equitable settlement of plaintiff's claim where liability was clear; (b) by compelling the plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the fair value of plaintiff's claim; and (c) in other manners to be proved at trial.

11. As a direct and proximate result of the defendant's actions and inactions, the plaintiffs have been damaged.

WHEREFORE, plaintiffs, Jeffrey Cirz and Jessica Gilham, demand judgment in thier favor and against defendant, State Farm Insurance Company, for compensatory damages, punitive damages, attorneys' fees, interest, costs and such other relief as this court deems equitable and just under the circumstances.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues as triable as a matter of right.

### DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4, David P. Silber, Esquire, is hereby designated at Trial Counsel in the within matter.

### CERTIFICATION

It is hereby certified that the foregoing matter in controversy is not the subject of any other pending action in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that there are no other parties of whom I am aware who should be joined in this action.

GAYLORD POPP, L.L.C.
Attorneys for Plaintiffs

By: _____
DAVID P. SILBER

Dated: May 26, 2017